UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LYNN FAULKNER,

       Plaintiff,

  - against -

USAMA BIN LADEN, et al.,

       Defendants.

Case No. 09-CV-07055-GBD-SN

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ISLAMIC REPUBLIC OF AFGHANISTAN'S MOTION TO STAY PROCEEDINGS FOR 60 DAYS**

**HOGAN LOVELLS US LLP**
Dennis H. Tracey, III
390 Madison Avenue
New York, NY 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
Email: dennis.tracey@hoganlovells.com

*Attorney for Defendant Islamic Republic of Afghanistan*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1
BACKGROUND ............................................................................................................................ 1
ARGUMENT .................................................................................................................................. 2
CONCLUSION ............................................................................................................................... 4
CERTIFICATE OF SERVICE ....................................................................................................... 5

## TABLE OF AUTHORITIES

**Page(s)**

**CASES:**

*Abdou v. Mahany*,
  No. 19 CIV. 1824 (PAE), 2021 WL 2650069 (S.D.N.Y. June 28, 2021) .................................3

*Catskill Mountains Chapter of Trout Unlimited, Inc. v. Env't Prot. Agency*,
  630 F. Supp. 2d 295 (S.D.N.Y. 2009)........................................................................................3

*Gov't of France v. Isbrandtsen-Moller Co.*,
  48 F. Supp. 631 (S.D.N.Y. 1943) ..............................................................................................3

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936)...................................................................................................................2

*Life Dome Cinema Ministry v. Church Loans & Inv. Tr.*,
  499 F. Supp. 2d 399 (S.D.N.Y. 2007)........................................................................................3

*Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital Corp.*,
  87 F. Supp. 3d 463 (S.D.N.Y. 2015)..........................................................................................2

**OTHER AUTHORITIES:**

Carlotta Gall, Daniel Victor, and Ruhullah Khapalwak, *The Taliban take over the presidential palace.*, N.Y. Times (Aug. 17, 2021, 10:00 AM) https://www.nytimes.com/2021/08/16/world/asia/taliban-presidential-palace-afghanistan.html ...........................................................................................................................2

U.S. Dep't of State, Dep't Press Briefing (Aug. 16, 2021),
  available at https://www.state.gov/briefings/department-press-briefing-august-16-2021/ .....................................................................................................................................2

David Zucchino, *The War in Afghanistan: How it Started and How it is Ending*,
  N.Y. Times (Aug. 16, 2021) https://www.nytimes.com/article/afghanistan-war-us.html?name=styln-afghanistan&region=TOP_BANNER&block=storyline_menu_recirc&action=click&pgtype=LegacyCollection&variant=show&is_new=false ....................................................................................................................................2

Defendant Islamic Republic of Afghanistan respectfully submits this memorandum in support of its request that the Court stay all proceedings in this case for a period of sixty (60) days due to current events in Afghanistan.

## PRELIMINARY STATEMENT

A limited stay of these proceedings is necessary due to the sudden change in the government of Afghanistan. The previous Afghan government, which had retained Hogan Lovells US LLP ("Hogan Lovells") as counsel, has collapsed and is in the process of handing power to the Taliban, which uses the name "Islamic Emirate of Afghanistan." At present, there is reportedly no functioning government in Afghanistan, and it is unclear whether the Taliban will be recognized by the United States as the *de jure* government of Afghanistan. Accordingly, a stay of proceedings is required in order to allow counsel to identify the correct contacts within the newly-installed Taliban regime, confirm that Hogan Lovells will no longer represent the Islamic Republic of Afghanistan, and allow the new government to instruct replacement counsel, if any is retained. For that reason, Defendant Islamic Republic of Afghanistan respectfully requests a stay of all proceedings in this action for 60 days to allow sufficient time for these communications.

## BACKGROUND

On December 12, 2019, Hogan Lovells filed a Notice of Appearance as counsel on behalf of Defendant Islamic Republic of Afghanistan. (Dkt. No. 149 (Dec. 12, 2019) ("NOA")). The NOA is clear that Hogan Lovells represents Defendant Islamic Republic of Afghanistan, and "not the Islamic Emirate of Afghanistan." (*Id.*).

On Sunday, August 15, 2021, after taking over most of Afghanistan's major cities, the Taliban military took control of Kabul, the capital, and announced its intent to restore the Islamic

1

Emirate of Afghanistan.[1]  President Ashraf Ghani of the Islamic Republic of Afghanistan has reportedly fled the country, and former president Hamid Karzai announced the formation of a council of Afghan political leaders to coordinate a peaceful transition to a new Taliban government.[2]  Although there has not yet been a formal transfer of power or any formal recognition of the new government, the United States Secretary of State has acknowledged that it is uncertain as to who is the current leader of Afghanistan and that the previous government had collapsed.[3]

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its own docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (citations omitted). Courts must, in exercising their judgment to stay proceedings, "weigh competing interests and maintain an even balance." *Id.* at 255.  In this Circuit, those competing interests have been distilled into five factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) (citations omitted).  Ultimately, the goal

---

[1] Carlotta Gall, Daniel Victor, and Ruhullah Khapalwak, *The Taliban take over the presidential palace.*, N.Y. Times (Aug. 17, 2021, 10:00 AM) https://www.nytimes.com/2021/08/16/world/asia/taliban-presidential-palace-afghanistan.html.

[2] David Zucchino, *The War in Afghanistan: How it Started and How it is Ending*, N.Y. Times (Aug. 16, 2021) https://www.nytimes.com/article/afghanistan-war-us.html?name=styln-afghanistan&region=TOP_BANNER&block=storyline_menu_recirc&action=click&pgtype=LegacyCollection&variant=show&is_new=false.

[3] U.S. Dep't of State, Dep't Press Briefing (Aug. 16, 2021), available at https://www.state.gov/briefings/department-press-briefing-august-16-2021/ (responding to question of who the United States recognizes as the leader of Afghanistan with "[s]o this is something that we are working, again, with the international community").

in balancing these factors is to avoid prejudice. *Catskill Mountains Chapter of Trout Unlimited, Inc. v. Env't Prot. Agency*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009).

Courts regularly grant brief stays when counsel for one of the parties needs to withdraw and that party needs time to find replacement counsel. *See, e.g.*, *Abdou v. Mahany*, No. 19 CIV. 1824 (PAE), 2021 WL 2650069, at *5 (S.D.N.Y. June 28, 2021) (noting that court had previously granted 60 day stay when plaintiff's counsel retired); *Life Dome Cinema Ministry v. Church Loans & Inv. Tr.*, 499 F. Supp. 2d 399, 400 (S.D.N.Y. 2007) (noting that court had granted brief stay "based upon the Court's estimation of time it would take a litigant to obtain new counsel"). Further, courts have also stayed litigation against foreign states during periods in which there is no clear or recognized government of the state. *See Gov't of France v. Isbrandtsen-Moller Co.*, 48 F. Supp. 631, 633–34 (S.D.N.Y. 1943) (staying all proceedings until 60 days after French government was again recognized by United States).

The collapse of the government of the Islamic Republic of Afghanistan and the Taliban's takeover happened quickly, but it will take time to sort out the consequences of the collapse, including the consequences for this case. One such consequence will likely be that Hogan Lovells will no longer represent Defendant Islamic Republic of Afghanistan nor will it represent the new government. Hogan Lovells needs time to identify what government will be recognized, and to identify contacts within that new government to confirm the withdrawal of Hogan Lovells and the engagement of new counsel, if any. Further, if new counsel is identified, Hogan Lovells needs time to bring that new counsel up to speed on this matter. Finally, a limited stay of all proceedings in this case will serve the interest of the courts in efficiency, because the more time that passes after the sudden events of the past week, the more likely it is that there will be clarity from the United States government and the international community as to the recognized government of

3

Afghanistan, which will allow the court to identify the government with standing to defend this case.

A 60 day stay will not cause any substantial prejudice to plaintiff. Although this case has been pending since 2001, the case was dormant for years until the Court issued an order on October 29, 2019 requiring the parties to file a joint status report and, subsequently, ordering the parties to complete discovery on certain jurisdictional issues under the Foreign Sovereign Immunities Act ("FSIA"). On March 2, 2021, defendant filed a motion for summary judgment to dismiss all claims on the ground of lack of jurisdiction under the FSIA. That motion is now fully briefed. There are no other pending deadlines in this matter. Against this backdrop, any prejudice to the plaintiff from a 60-day stay will be minimal.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendant Islamic Republic of Afghanistan's motion and enter an order staying all proceedings in this action for 60 days.

Dated: August 19, 2021
      New York, New York

Respectfully submitted,

**HOGAN LOVELLS US LLP**

*/s/ Dennis H. Tracey, III*
Dennis H. Tracey, III
390 Madison Avenue
New York, NY 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
Email: dennis.tracey@hoganlovells.com

*Attorney for Defendant Islamic Republic of Afghanistan*

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 19, 2021, a copy of the foregoing was filed via the Court's CM/ECF filing system, which sent notification of such filing to counsel of record in this case.

*/s/ Dennis H. Tracey, III*
Dennis H. Tracey, III